UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT WILLIAM McKENNEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No.  09-157-B-W |
| | ) |
| COMMISSIONER, MAINE | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**
**Following Initial Screening**

Robert McKenney is an inmate at the Maine State Prison and has filed a civil rights action because he has been denied substance abuse counseling on account of his status as a protective custody inmate.  In a prior order regarding McKenney's request to proceed without prepayment of the filing fee, I cautioned:

> McKenney does not specify whether he is envisioning this claim as cruel and unusual punishment, equal protection, or due process, but whatever his constitutional theory or theories are the case law presents an uphill battle.  See e.g., Sandin v. Conner, 515 U.S. 472, 483-87 (1995);  Hudson v. McMillian, 503 U.S. 1, 8-9 (1992);  French v. Owens, 777 F.2d 1250, 1256 -57 (7th Cir. 1985);  Jackson v. Meachum, 699 F.2d 578, 581-85 (1st Cir. 1983);  Furtado v. Bishop, 604 F.2d 80, 88 (1st Cir. 1979);  Nadeau v. Helgemoe, 561 F.2d 411, 416-17 (1st Cir. 1977);  Lovell v. Brennan, 566 F. Supp. 672, 691 -92 (D. Me. 1983);  but see Cox v. Maine State Prison, Civ. No. 05-173-B-W,  2006 WL 980767, 2-4  (D. Me. Apr. 11, 2006) (recommended decision), aff'd, 2006 WL 1208029 (D. Me. May 03, 2006).

(Doc. No. 3 at 2.)  McKenney has now responded to this order and indicates that his theory of the case is that his due process rights have been violated and apologizes for his inexperience with the law as it relates to his claim.  (Doc. No. 4 at 1.)  He clearly indicates that he is willing to

incur the expense of the law suit. While not questioning the sincerity of McKenney's convictions, I am nevertheless forced to conclude that following initial screening I must recommend dismissal of this complaint because it fails to state a claim.

## The Factual Allegations

McKenney's factual allegations are barebones:

> I have tried numerous times to be eligible for substance abuse,
> But am told because I am in protective custody I am not eligible.

Complaint, Sect. IV

His prayer for relief is equally sparse:

> To make the prison administration make the program available to
> me which are my rights to have.

Complaint, ¶ 22

There are no other factual allegations in the complaint. McKenney has sued the Commissioner of Corrections, the Warden of the Maine State Prison, and Charlie Charlton, who is the unit manager of the close custody unit. McKenney also attached to his complaint a copy of Charlton's memo to him dated April 13, 2009, which provides the most fulsome account of the dispute between McKenney and prison authorities.

> Dwight Fowles asked me to respond to your letter dated March 31, 2009 in which you are making requests about your status. Your file indicates you were originally assessed by Paul Quijano on 12/6/05. This assessment indicates you are appropriate for more intensive substance abuse treatment. However, as Paul wrote you, currently the IOP course is not offered in the PC unit. When you were seen for your most recent classification review (2/4/09) you requested a transfer and the team recommended you demonstrate a period of adjustment, and then you would be in a better position to transfer. While you have made some efforts, you have also had a number of adjustment issues. This is currently confirmed by your placement in the SMU. It is my understanding you are refusing PC housing. Your continued placement in the SMU will not support your efforts to transfer, and to access substance abuse programs.

> It is my recommendation you work with the unit team in the SMU so that you can resume your placement in the PC pod. When you return to the Close Unit, I encourage you to work with the staff assigned to the PC Unit. If you have any additional questions or concerns, please contact me. Thank you.

Complaint, Ex. Doc. 1-3

McKenney has launched a straightforward legal attack on the prison's policy of not offering intensive substance abuse counseling in the protective custody unit. He is not asserting that he has a personal dispute with the Commissioner, the Warden, Charlton, or any other corrections officer or prison official. His complaint is that the specific program he wants, and the program the officials have assessed him as appropriate for, is not available to him while he remains housed in his current living assignment. He has identified this complaint as a due process claim and he is correct. No matter how liberally the court construes this complaint, there is no allegation that he was retaliated against or the victim of arbitrary and capricious conduct on the part of any corrections official. Thus McKenney has correctly labeled his claim; it is an alleged violation of due process.[1]

### Discussion

The denial of substance abuse counseling to a protective custody inmate simply does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that convicted prisoner had no liberty interest to be free from punitive segregation in the absence of due process because such

---

[1] I recognize McKenney's dilemma regarding his knowledge of the law. If, indeed, McKenney had alleged facts supporting a claim of cruel and unusual punishment or an equal protection violation, his mislabeling the legal basis of his claim as a due process violation would not have been fatal. But the point is, McKenney does not allege that the prison officials have singled him out for retaliation or have treated him differently than others similarly situated. He is not challenging the conduct of individuals, he is challenging the policy which limits the availability of certain programs to prisoners in protective custody.

discipline falls within the reasonable parameters of a sentence of incarceration); see also Matelsky v. Gunn, 15 Fed. Appx. 686, 688 (10th Cir. 2001) ("Because Mr. Matelsky has no constitutionally protected liberty interest in participating in the voluntary [substance abuse] [p]rogram, his due process claim must fail.")  McKenney wants to participate in the substance abuse program, but the prison officials have told him he cannot do so until he earns a transfer to a different living accommodation.  There is no suggestion that anything is preventing that transfer other than McKenney's adjustment issues.   As such, he falls squarely within the holding of the Sandin line of cases.  Accordingly, I recommend that the court dismiss his complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 11, 2009